UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO SOLOMON,

    Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL, *named as Attorney General
of the United States*, et al.,

    Respondents.
_____/

Case No. 1:20-cv-904

HON. JANET T. NEFF

## OPINION AND ORDER

Before the Court are Petitioner's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 33). Respondents submitted a Response (ECF No. 34). For the reasons that follow, the Objections are overruled, and the Court approves and adopts the MagistrateJudge's Report and Recommendation (ECF No. 32).

### I.    BACKGROUND

Petitioner, seeking to become a United States citizen and presently incarcerated at Northlake Correctional Facility in Baldwin, Michigan for federal drug convictions, filed a *pro se* petition in this Court in September 2020 entitled "Civil Action under the Administrative Procedure Act, the Declaratory Judgment Act, and Petition for a Writ of Habeas Corpus" (ECF No. 1). Petitioner requests relief from the denial of his Form N-400, Naturalization Application ("N-400") by U.S. Citizen and Immigration Services ("USCIS") and the detainer issued in February 2020 by U.S. Immigration and Customers Enforcement ("ICE") (*id.*).

Respondents filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a

Claim, pursuant FED. R. CIV. P. 12(b)(1) and 12(b)(6) (ECF No. 20). On February 4, 2022, the Magistrate Judge recommended that the petition be dismissed for lack of subject matter jurisdiction (ECF No. 32 at PageID.286). The Report and Recommendation also provided that any objections to the Report and Recommendation "must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report…. Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order" (*id.*). On February 24, 2022, the Court received Petitioner's Objections to the Magistrate Judge's Report and Recommendation.

## II.   ANALYSIS

### A.   STANDARD OF REVIEW

Parties have 14 days to object to the findings and recommendations in a report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b). Failure to timely object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *see Thomas v. Arn,* 474 U.S. 140, 106 (1985). The Court reviews de novo only those portions of a report and recommendation to which timely, clear, and specific objections are raised. FED. R. CIV. P. 72(b)(3); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995*); Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Objections that are merely recitations of the identical arguments made before the magistrate judge are insufficient as objections. *See, e.g.*, *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).

### B.   DISCUSSION

As an initial matter, Respondents argue that Petitioner's Objections are untimely and should be overruled because they were filed on February 24, 2022 and postmarked on February

3

22, 2022 (ECF No. 34 at PageID.302). In fact, Petitioner's Objections were received at the Court on February 24, 2022, but were certified on February 15, 2022, and mailed on February 16, 2022 (ECF No. 33 at PageID.287, 298-299). The Court will treat the Objections, therefore, as timely.

The Objections are overruled, however, on other grounds. Plaintiff argues in his Objections that the Magistrate Judge's Report and Recommendation focuses exclusively on Petitioner's habeas corpus petition, while ignoring Petitioner's other requests for relief under the Administrative Procedure Act (APA) and the Declaratory Judgment Act (ECF No. 33 at PageID.287-290). Petitioner requotes his Petition in his Objections, which is insufficient as an objection:

> Mr. Solomon's claims for relief are centered around the fact that, (a) "USCIS's July 1, 2013 denial of his N-400 naturalization application was done arbitrarily," which resulted in a violation of his constitutional due process right, . . . (b) "USCIS's [sic] delay in processing his N-400 naturalization application was unreasonable in the sense that the delay was unjustified, it was contrary to USCIS's [sic] standard timeline for processing such applications, the delay was contrary to the processing timeline afforded to other similar[ly] situated N-400 applicants, and the delay deprived him of his right to obtain naturalization through the naturalization process in violation of his due process and equal protection rights;" and (c) "USCIS's [sic] unreasonable delay in scheduling him to take the oath of allegiance pursuant to 8 U.S.C. § 1448(a) following his completion of the N-400 application process was arbitrary and unjustified, and the delay prevented him from obtaining his naturalization certification in a timely and reasonable manner that accords with due process that other similarly situated applicants have enjoyed."

(*id.* at PageID.291-292). As Respondents point out the Magistrate Judge's Report and Recommendation embraced all aspects of Petitioner's Petition and Responses to the Motion to Dismiss (ECF Nos. 1 & 23), finding that the Court lacks subject matter jurisdiction over Petitioner's claims (ECF No. 34 at PageID.305; ECF No. 32 at PageID.281-284). Petitioner fails to engage with and refute the Magistrate Judge's analysis or show that this Court has subject matter jurisdiction over his petition.

4

Importantly, "[t]he Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Moreover, even assuming this Court had subject matter jurisdiction over Petitioner's APA claim, the petition must be dismissed, as stated in Respondents' Response, because Petitioner has failed to exhaust his administrative remedies (ECF No. 34 at PageID.305). *See* 8 C.F.R. § 336.2(a); 8 U.S.C. § 1421(c). Petitioner failed to file a timely appeal to the denial of his N-400 naturalization application, complete the administrative hearing-requirement, or show why Section 1421(c)'s exhaustion requirement should be excused. *See Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 599 (6th Cir. 2014). The Objections are, therefore, overruled.

Because Plaintiff reiterates arguments already raised, the Objections are properly rejected on this basis alone. The Court has reviewed the Report and Recommendation and finds it factually sound and legally correct. The Court grants Respondents' Motion to Dismiss (ECF No. 20).

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Objections are OVERRULED and DENIED.

**IT IS FURTHER ORDERED** that the Court APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 32) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 20) is GRANTED.

5

Because this Opinion and Order resolve all pending claims in this matter, a corresponding Judgment will issue.  See FED. R. CIV. P. 58.

Dated:  March 17, 2022 　　　　　　　　　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

6